Lipscomb, J.
From the conclusion we have arrived at on an examination of the record it will not be necessary to notice many of the points discussed by the counsel in their arguments, and we will confine ourselves mainly to the-general demurrer of the defendant in the court below, as we believe that to he decisive of tlie case.
Tlie plaintiff in the court below has made the whole proceedings of the Orphans’ Court of Coosa county, in the State of Alabama, in the matter of tlie estate of Maturan Simmons, of which Parker, tlie defendant, was executor, a part of his petition. And the ground on which he attempts to sustain *163 his right of action is that the assets in the hands of the executor, not accounted for by him with the Orphans’ Court, forms a trust fund for the benefit of a creditor, such as he represents and contends the plaintiff to be, and that this is a continued trust out of which he is entitled to satisfaction. Now, if we were to admit that it was a continued trust until applied 'to the object of the trust, (which, however, we do not admit,) the record shows that this trust fund has been adjudicated upon and adjudged to Eugene Simmons, the son and heir of-Matnran Simmons, and execution for the whole amount awarded to him, and that the execution actually issued. That judgment has not been impeached ; so far from it, the petitioner sets it up himself, and so loug as it remains unreversed it is conclusive of the subject-matter on which it acted. On what was this judgment founded? The petitioner shows himself that it was on an account struck with the executor, and that it was for the whole amount of the assets in the executor’s hands. If, then, it had been a continued trust, as contended for by the plaintiff in the court below, the whole amount had been adjudged to Eugene Simmons, and he was the only party in interest to pursue that trust for his benefit. But it is very clear that that judgment closed the trust and merged the trust in the judgment against the executor, which could be satisfied out of the goods, lands, and tenements of the executor. The plaintiff in the court below, therefore, shows by his petition that lie had no right of action, and this objection to his suit ought to have been sustained on the defendant’s demurrer, on which the defendant was entitled to a judgment in his favor. The objection would have been fatal to the suit, whether presented by demurrer, by motion in arrest of judgment, or on error in this court.
Again, the plaintiff in the court below shows that his original cause of action in favor of his iutestate was for work and labor, and was therefore an open account. This was the cause of action on which his iutestate obtained judgment against the executor of Maturan Simmons in the Circuit Court of Montgomery county, in the State of Alabama. This judgment-, it is seen, was rendered at the March Term, 1842, and a suit on it was barred at the commencement of the suit, under the 5th section of the act of Congress of Texas, passed 28th of June, A. D. 1845, (see Hart. Dig., art. 2399; and Robinson v. Payton, 4 Tex. R., 276; and Moore v. Hendrick and Pryor v. Moore, decided at this term,) and therefore could not bo the ground in all nor in part of the plaintiff’s right of action.
But it is here insisted that the suit is not founded on this judgment; that the judgment is only used as evidence of the amount of the debt. It is true that the suit is not an action of debt founded on a foreign judgment, nor is any such action known to the laws of our forum, but it is treated in the petition as one of the grounds in support of the action, and it was so treated by the court below, else it never would have been ruled to be conclusive evidence, of itself, of the indebtedness. If, however, it were conceded that the suit was on the original consideration, and it was further conceded that the plaintiff had a right to pursue this fund as a trust fund in the hands of the defendant, still it would not relieve him from the necessity, before he could have such satisfaction, of proving the original consideration, and this consideration would have to be proven independent of and unaided by the foreign judgment; and he would then be met by auother provision of the statute of limitations, requiring the suit to be brought within two years after the cause of action accrued, (see Hart. Dig., art. 2377,) and would present an insurmountable obstacle to his right of action. The suit on which the judgment was rendered in the District Court of Montgomery county was commenced on the 31st day of July, A. D. 1843; the cause of action must have occurred before that date. The plaintiff below has referred us to the case of Lambeth v. Turner, 1 Tex. R., 364. That case was not like the present. In that, the judgment of the court of Mississippi was mentioned in a prosy and somewhat tedious narration of the history of the case, and was not relied on as any part of the ground of action nor as forming any part of the evidence in its support. The original cause of action was not *164 attempted to be proven by it, and if it had been entirely stricken out a good cause of action would still be shown in the petition; and we therefore ruled that the demurrer lo the petition ought to have been overruled.
Wo believe that on the two grounds noticed the judgment of the court below ought, to have been for the defendant; the judgment is therefore reversed and tlié came dismissed.
■ Reversed and dismissed.