## W. N. H. SMITH v. H. F. GILLETTE ET AL.

### (Case No. 1329.)

1. WILL — LIMITATIONS.— A will providing that a claim against the testator, which was barred by limitation at the time of his death, "should not be barred by the statute of limitations," but should "be honestly and justly paid" from his estate by his executors, did not engraft a continuing trust as a charge against the estate, but created a cause of action in favor of the claimant from the date of the probate of the will. Against such a claim the statute of limitations began to run after the expiration of the period provided by law for its suspension after the death of the testator. Tinnen v. Mebane, 10 Tex., 246; Parker v. Cater, 8 Tex., 318, and Agnew v. Fetterman, 4 Pa. St., 61, cited and approved.

ERROR from Harris. Tried below before the Hon. James Masterson.

The opinion presents all the facts contained in the voluminous transcript necessary to a proper understanding of the principle involved.

*Stewart & Barziza,* for plaintiff in error, cited Pasch. Dig., art. 1371; Campbell v. Shotwell, 51 Tex., 27; Philleo v. Holiday, 24 Tex., 41; Bell County v. Alexander, 22 Tex., 357; Bullard v. Thompson, 35 Tex., 316; 2 Williams on Executors.

*Hutcheson & Carrington,* for defendants in error, cited Parker v. Cater, 8 Tex., 318; Tinnen v. Mebane, 10 Tex., 255; Perry on

Trusts, par. 559, p. 509, and cases cited in note 1; White & Tudor's Lead. Cases in Equity, part 1, pp. 383, 384; Angell on Lim., pars. 169, 170; Carrington v. Manning, 13 Ala., 611, 628; Hall v. Bunstead, 20 Pick., 2; Trinity Church v. Watson, 14 Wright, 518; Cornish v. Wilson, 6 Gill (Md.), 315; Pasch. Dig., arts. 1371–3; Probate Laws 1870, sec. 160; Probate Laws 1876, secs. 69, 123, 124; Pleasants v. Davidson, 34 Tex., 459; Bullard v. Thompson, 35 Tex., 316, 317. Limitations and laches: Hunter v. Hubbard, 26 Tex., 547; Piatt v. Vatier, 9 Pet., 417; McKnight v. Taylor, 1 How., 161.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by W. N. H. Smith against the executors of the will of James Morgan, deceased, to recover the balance claimed to be due upon an account running from the year 1843 to the year 1850. The residuary legatees and their assigns were also made parties defendant.

On the 21st of January, 1853, the account was taken out of the bar of the statute of limitations by a written acknowledgment made by the testator, who died in 1866, in which year his will was probated.

This action was brought in August, 1877, and, as a defense thereto, the residuary legatees and assigns, among others, pleaded the statute of limitations and stale demand. There was a judgment for the defendants upon these defenses, and it is claimed that, by the will of James Morgan, the debt which was barred at the time of his death was not only taken without the bar of the statute, but that under the will the statute would not run against the claim.

The will contained the following provisions:

"2d. I do further will that the claim held against me by Wm. N. H. Smith, of Murfreesboro, North Carolina, is not to be barred by the statute of limitation, but to be honestly and justly paid from my estate by my executors."

"5th. I do hereby constitute and declare the children of son Koscuisko Morgan, and his wife Caroline, to wit: Fannie Belle, Charles W. P., Mary, Maria, Ophelia and Nellie Latham; and Ellen Lee, the daughter of my daughter, Othelia Lee, my residuary legatees, and to them in equal shares I will, devise and bequeath all my estate and property, both real and personal, wherever the same may be, after all just debts against my estate, and expenses accruing in the settlement thereof, shall have been paid and discharged."

The will appointed three executors, of whom the plaintiff was one, and provided that any two might act, and that the estate should be

administered without the control of the probate court. The plaintiff, who was a non-resident of this state, did not qualify as executor, but the two other persons named did.

That the second clause of the will took the claim out of the statute is not controverted; but it is claimed that the two clauses of the will above quoted prevented .the running of the statute after the probate of the will.

We are of the opinion that such is not the legal effect of the will. The language of the will must be construed in the light of the situation of the parties and the claim. The claim, so far as the record shows, had been long barred, and the intention of the testator evidently was to relieve it from that bar, and to make it a valid claim against his estate; to put it upon an equal footing with all other just debts, rather than to provide that the statute should not run against the claim after his death.

The general rule is that the statute runs from the time of the acknowledgment or new promise, and there is nothing in the will to indicate that it was the intention of the testator that the statute should not run from the time that two of the persons named in the will should qualify as executors.

It is.claimed, however, that the will created a trust, in which the executors were made trustees for the benefit of the plaintiff, and that as between them the relation of trustee and *cestui que trust* was such that the statute would not run.

It is true that the executors, as do all executors, sustained a trust relation to the estate which came into their hands, but it in nowise differed from that sustained by executors generally. .

The relation of the executors to the plaintiff was not other than would have been that of an administrator, who might have been appointed had the executors failed to qualify; against the one as against the other, a suit in a court of law might have been brought by the plaintiff to enforce the payment of his claim. A cause of action existed when the will was probated, and there was no legal impediment to its enforcement.

We know of no case in which it has been held that an executor, who is clothed with power to sell property, real and personal, for the purpose of paying the debts due from the estate of his testator, from that fact sustains such trust relation to creditors as to prevent the running of the statute of limitations against their claims.

As to creditors, executors and administrators are only trustees by construction, and, as between them and the estate represented by the executor or administrator, the statutes of limitation run.

Tinnen v. Mebane, 10 Tex., 246; Parker v. Cater, 8 Tex., 318; Wood on Limitation, 426, 427; Agnew v. Fetterman, 4 Pa. St., 61.

Whether a testator might not, in favor of a creditor, create by will a trust upon his estate, or a part of it, against which limitation would not run, need not in this case be considered, no such intention being apparent in the will under consideration.

The laws of this state properly look to a speedy settlement of estates, and nothing short of very clear evidence of an intention upon the part of a testator that a provision in his will was intended to have an effect, in any particular, which would thwart this policy, should be permitted to arrest it.

The statute, upon the death of a person, only suspends the running of the statute for twelve months succeeding his death, or until such earlier period as an executor or administrator may have qualified (R. S., 3218); and the courts have no power to engraft terms upon the statute which the legislature has not prescribed.

That to have embraced his claim might have required property of the estate to be sold at an unfavorable time, furnishes no excuse for not bringing suit within the time prescribed by law; nor does the fact that he supposed that one of the executors would protect his claim alter the rule.

There is nothing found in the correspondence between him and the executors which can relieve him, or which shows that he was misled by any act of the executors, even if this could be any excuse for failure to use that diligence which the law requires.

There being no error in the judgment, it is affirmed.

AFFIRMED.

[Opinion delivered March 6, 1883.]

Chief Justice WILLIE did not sit in this case.